UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



06-CR-0031

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

UNITED STATES OF AMERICA

– against –

AHMED ALDEEN,

           Defendant.

**JACK B. WEINSTEIN**, Senior United States District Judge:

**Appearances**

**For United States:**

    Melody Wells
    United States Attorney's Office -
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, NY 11201
    718-254-6422
    melody.wells@usdoj.gov

**For Defendant:**

    Douglas G. Morris
    Federal Defenders of New York, Inc.
    One Pierrepont Plaza, 16th Floor
    Brooklyn, NY 11201
    718-330-1200
    douglas_morris@fd.org

This page intentionally left blank.

## Table of Contents

I. Introduction ................................................................................................................4
II. Procedural History .....................................................................................................4
   A. 2008: Underlying Conviction ...............................................................................4
   B. 2011: First Conviction for Violation of Supervised Release ................................5
   C. 2014: Second Conviction for Violation of Supervised Release ...........................5
III. Offense Level ............................................................................................................7
IV. Law ............................................................................................................................8
V. 18 U.S.C. § 3553(a) Considerations ..........................................................................9
VI. Sentence ...................................................................................................................10
VII. Conclusion ...............................................................................................................10

I. **Introduction**

The Court of Appeals for the Second Circuit remanded, for resentencing, the case of Ahmed Aldeen, who pled guilty to violating one term of his supervised release. The remand was assigned to this court for sentencing.

At the time of the remand, Mr. Aldeen was only a day shy of completing his original sentence of eighteen months for the violation: speaking to another convicted felon on a subway platform immediately following their group treatment session.

For the reasons stated below, Mr. Aldeen is sentenced to time-served. Supervised release is terminated.

II. **Procedural History**

A. **2008: Underlying Conviction**

In August 2008, following a guilty plea, Mr. Aldeen was convicted of one count of possession of child pornography, in violation of sections 2252A(a)(5) and (b)(2) of title 18. Judgment as to Ahmed Aldeen 1, Aug. 20, 2008, ECF No. 67. He was sentenced to fifty-one months incarceration, followed by three years' supervised release. *Id.* at 2–3. The judgment contained the standard conditions of supervision, pursuant to U.S.S.G. § 5D1.3(c), as well as five special conditions. *See United States v. Aldeen*, No. 14-CR-2706, slip op. at 3–4 (2d Cir. July 22, 2015) (amended opinion) (detailing procedural history).

Following a period of incarceration, Mr. Aldeen commenced supervised release in February 2010. *Id.* at 4.

### B. 2011: First Conviction for Violation of Supervised Release

On September 28, 2011, the United States Probation Department charged the defendant with violating several conditions of his supervised release, including failing to notify the Department of his access to the internet. *Id.*

In August 2012, Mr. Aldeen pled guilty to one count: failing to report to his Probation Officer. Violation of Supervised Release Order as to Ahmed Aldeen 1, Aug. 22, 2012, ECF No. 80. He was sentenced to ten months' imprisonment and three additional years of supervised release. *Id.* at 2–3. At the time, the court imposed additional special conditions of supervised release beyond the standard conditions. *Id.* at 3.

### C. 2014: Second Conviction for Violation of Supervised Release

In 2014, Mr. Aldeen was charged with, *inter alia*, violating the ninth standard condition of his supervised release when he spoke with one of the members of his group treatment—also a convicted felon—on a subway platform following their group treatment session. *Aldeen*, No. 14-CR-2706, slip op. at 4–5; *see also* Violation of Supervised Release Order as to Ahmed Aldeen 3, Aug. 22, 2012, ECF No. 80.

Mr. Aldeen pled guilty to the violating one of the terms of his supervised release by associating with a convicted felon. Minute Entry, April 17, 2014. As a result of the plea, two remaining charges were dismissed. *Id.*

On April 23, 2014, defendant was sentenced to eighteen months in prison and an additional three years' supervised release. Violation of Supervised Release Order, July 25, 2014, ECF No. 94. Mr. Aldeen appealed the sentence, arguing that the district court erred by failing to state in open court, and in its written judgment, the reasons for the above-guidelines sentences with the required specificity required under 18 U.S.C. section 3553(c)(2). Brief for Defendant-

Appellant at 2, *United States v. Aldeen*, 2015 WL 4072106 (2d Cir. 2015) (No. 14-CR-2706), 2014 WL 6844924.

On July 6, 2015, the day before Mr. Aldeen would complete his eighteen-month sentence, the Court of Appeals for the Second Circuit vacated the district court's sentence and remanded for resentencing in accordance with its opinion, writing that "a sentence of eighteen months' imprisonment and three years' supervised release for speaking to a fellow member of the treatment group in the subway following a treatment session, without more, seems exceedingly harsh." *United States v. Aldeen*, No. 14-CR-2706, slip op. at 20 (2d Cir. July 22, 2015) (amended opinion). It stated that the imposed sentence appeared to be "driven by other considerations," notably the Probation Officer's allegations that Mr. Aldeen violated other conditions, including possession and use of electronic devices for pornographic purposes. *Id.* Noting that Mr. Aldeen never admitted to these charges—which were in fact later dismissed— the Second Circuit concluded that "the district court committed plain error by failing to adequately explain the reasoning for its sentence." *Id.* at 14. ("To the extent the district court relies on conduct that was the subject of the *dismissed charges* or on misbehavior beyond the conduct for which Aldeen was initially convicted . . . the district court must make findings with respect to the factual bases for its sentencing decision." (emphasis added)).

Addressing the substantive reasonableness of the sentence, the court wrote that "even if Aldeen's sentence does not *shock* the conscience, it at the very least *stirs* the conscience." *Id.* at 20 (emphasis in original). In issuing its opinion, the court noted that "Aldeen is scheduled to be released from prison on July 7, 2015 [therefore] it is unlikely that his term of imprisonment will be shortened by resentencing proceedings." *Id.* at 7 n.2. Still, "Aldeen's appeal is not moot

because a favorable appellate decision might prompt the district court to reduce his three-year term of supervised release." *Id.* (citations omitted).

On July 8, 2015, the remand was assigned to this judge. Order Reassigning Case as to Ahmed Aldeen, July 8, 2015.

Soon thereafter, on July 15, 2015, this court sentenced Mr. Aldeen to time-served and terminated his supervised release. Sentencing Hearing Transcript, July 15, 2015 ("Sent. Hr'g").

On July 22, 2015, the Second Circuit Court of Appeals issued an amended opinion. *See United States v. Aldeen*, No. 14-CR-2706, slip op. (2d Cir. July 22, 2015) (amended opinion).

### III. Offense Level

The charge to which the defendant pled guilty constitutes a grade "C" violation, as defined by U.S.S.G. § 7B1.1(a)(3). *See* Violation of Supervised Release Report 9, Mar. 13, 2014, ECF No. 93. A grade "C" violation allows for the revocation of supervised release and the imposition of custody, or the modification of the existing term of supervised release. *See* U.S.S.G. § 7B1.3(a)(2); Violation of Supervised Release Report 9, Mar. 13, 2014, ECF No. 93.

A criminal history category of II was found at the 2008 sentencing for the original offense. 2008 Presentence Investigation Report ¶ 68.

The recommended term of custody for the instant violation of supervised release is four to ten months. Violation of Supervised Release Report 10, Mar. 13, 2014, ECF No. 93; U.S.S.G. § 7B1.4(a). A minimum term of custody may be satisfied by a term as little as one day, if followed by supervised release with a special condition of community confinement or home detention for the balance of the term. Violation of Supervised Release Report 10, Mar. 13, 2014, ECF No. 93; U.S.S.G. § 7B1.3(c)(1).

## IV. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of section 3553(c)(2) of title 18, *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under [section] 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States,* 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising its own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, justifiable parsimony in incarceration is prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary . . . ."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and*

*Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## V. 18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Mr. Aldeen pled guilty to a violation of his supervised release for associating with a convicted felon. *See supra*, Part II.C. He admitted to conversing with a member of his treatment group on a subway platform, following their treatment session. *Id.*

Mr. Aldeen, who is now fifty-five years old, has three adult children with his previous partner, all of whom reside in Pennsylvania. Sent. Hr'g. As described by his former wife, the mother of his children, he is a "good father, who always has good relationships with his children." 2008 Presentence Investigation Report ¶ 33.

Prior to his arrest for the instant violation, Mr. Aldeen met, as scheduled, with his probation officer and provided negative tests for controlled substances. *See* Sent. Hr'g; Violation of Supervised Release Report 7, Mar. 13, 2014, ECF No. 93. During the same period of time, he attended his regularly scheduled treatment sessions, and did not access child pornography, the reason for his initial incarceration. *See* Sent. Hr'g; Violation of Supervised Release Report 7, Mar. 13, 2014, ECF No. 93.

Notably, for the year prior to his arrest, Mr. Aldeen had maintained gainful employment. *See* Sent. Hr'g; Violation of Supervised Release Report 7, Mar. 13, 2014, ECF No. 93. But today, he is homeless—living in a dormitory style shelter on which he is dependent upon for food. *See* Sent. Hr'g. When asked, Mr. Aldeen described the shelter as uncomfortable and

9

isolating. *Id.* The court noted that he appeared "haggard." *Id.* He now requires the use of a cane due to a slipped disc in his back. *Id.*

The current terms of his supervised release restrict Mr. Aldeen's ability to see his children in Pennsylvania and limit his current housing prospects, impeding further rehabilitation. *Id.*

## VI. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence.

Probation has done all it can to rehabilitate Mr. Aldeen. Further supervised release is of no benefit. The social worker for the Federal Defenders of New York has presented a sensible plan for aiding Mr. Aldeen in finding housing. *See* Sent. H'rg. Mr. Aldeen will benefit from the ability to freely visit his children in Pennsylvania.

Supervised release is terminated immediately. This decision is based upon the physical observation of Mr. Aldeen in court, and the information revealed by both parties without objection.

This case is now closed.

## VII. Conclusion

General and specific deterrence are achieved by the sentence imposed. All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the United States Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: July 29, 2015
      Brooklyn, New York